IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 12–cv–00441–RM–KMT

CAROL SONNENBERG,
MICHAEL SONNENBERG and
AMERICAN FINANCIAL SECURITIES HOLDINGS, INC.,

    Plaintiffs,

v.

ERIC DAVID SIPF,
STEPHEN S. S. HYDE,
DAVID C. BAKER,
TAMARA S. KEFFELER, and
FIRSTBANK HOLDING COMPANY,

    Defendants.

## ORDER

This matter is before the court on "Defendants Sipf's and Hyde's Motion for Leave to File Supplemental Designation of Nonparties at Fault" (Doc. No. 93 [Mot.]), filed May 30, 2013. Plaintiffs filed their response on June 19, 2013 (Doc. No. [Resp.]), and Defendants Sipf and Hyde filed their reply on July 3, 2013 (Doc. No. 113 [Reply]). This motion is ripe for ruling.

### BACKGROUND

This is an action for violation of the Colorado Securities Act by Defendants in connection with the sale to Plaintiffs of securities by Imerica Administrative Services Corporation ("IASC"), a now defunct holding company whose only asset was Imerica Life and Health

Insurance Company ("Imerica"). Also included in this litigation is a common law fraud claim in connection with the sale. (Doc. No. 78, ¶ 11.)

Defendants Sifp and Hyde seek to file a supplemental designation of nonparties at fault, pursuant to Colo. Rev. Stat. § 13-21-111.5, to designate Norman E. Taplin, Esq., as a nonparty at fault for Plaintiffs' claims in this case. (*See* Mot. at 3; Ex. A.)

## LEGAL STANDARD

Colo. Rev. Stat. § 13-21-111.5(3)(b) provides:

> Negligence or fault of a nonparty may be considered if the claimant entered into a settlement agreement with the nonparty or if the defending party gives notice that a nonparty was wholly or partially at fault *within ninety days following commencement of the action unless the court determines that a longer period is necessary*. The notice shall be given by filing a pleading in the action designating such nonparty and setting forth such nonparty's name and last-known address, or the best identification of such nonparty which is possible under the circumstances, together with a brief statement of the basis for believing such nonparty to be at fault.

*Id*. (emphasis added). Upon such a designation, the jury may consider those nonparties when apportioning liability at trial. *See Antolovich v. Brown Group Retail, Inc.*, 183 P.3d 582, 591-92 (Colo. App. 2007); *Barton v. Adams Rental, Inc.*, 938 P.2d 532, 535 (Colo. 1997). Nonparty designation "ensures that parties found liable will not be responsible for more than their fair share of the damages." *Pedge v. RM Holdings, Inc.*, 75 P.3d 1126, 1128 (Colo. App. 2002).

Federal courts sitting in diversity are bound by state statutes when deciding questions of substantive law. *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938). Thus, Colorado state law is applicable to both the time limitations set forth in the statute and the adequacy of the notice. *Resolution Trust Corp. v. Deloitte & Touche*, 818 F. Supp. 1406, 1407 (D. Colo. 1993).

When considering the propriety of an extension of time pursuant to Colo. Rev. Stat. § 13-21-111.5(3)(b),

> [t]he Colorado Supreme Court has identified three factors to be considered in determining whether to extend the 90 day period: (1) whether the neglect was excusable; (2) whether the party making the late designation has alleged a meritorious defense or claim; and (3) whether relief from the deadline would be inconsistent with equitable considerations.

*Daugherty v. Bissell*, Case No. 08-cv-01931-WYD-BNB, 2009 WL 2853108, at *2 (D. Colo. Sept. 1, 2009) (quoting *Redden v. SCI Colo. Funeral Servs., Inc.*, 38 P.3d 75, 84 (Colo. 2001)). A trial court's decision to extend the ninety-day filing period is reviewed under an abuse of discretion standard. *Antolovich*, 183 P.3d at 592 (citing *Redden*, 38 P.3d at 84).

## ANALYSIS

*Timeliness of Designation*

Defendants were granted an extension to June 20, 2012, to file their designations of nonparties. (*See* Doc. No. 27.) Thus, Defendants Sipf and Hyde are well beyond the deadline to file a supplemental designation. However, Defendants Sipf and Hyde assert that shortly before the deposition of Plaintiff Michael Sonnenberg on March 6, 2013, they discovered a complaint filed by two of the plaintiffs in this case, Carol Sonnenberg and American Financial Securities Holdings, Inc., in the United States District Court for the Southern District of Florida, asserting claims against Norman E. Taplin and his law firm, Norman E. Taplin & Associates, P.A. (Mot., ¶ 3.) In the complaint, filed March 31, 2011, he plaintiffs alleged that Mr. Taplin, individually, through "intentional and fraudulent misrepresentations and omissions," induced them to invest in

IASC. (*Id.*)  In this case, the plaintiffs make the same allegations against the defendants. (*Id.*; *see* Doc. No. 78.)

Plaintiffs do not argue the designation is untimely and do not argue that they will suffer any prejudice in allowing the late filing. (*See* Resp.)  In light of the allegations made by Plaintiffs in the Southern District of Florida case, Plaintiffs likely face little prejudice, as Plaintiffs have had notice of Mr. Taplin's connection to this case from its inception, but apparently purposefully chose not to include him as a defendant in this matter.  Accordingly, the court finds that extending the deadline beyond the statutory ninety day period and the deadline previously granted is reasonable and consistent with equitable considerations.

*Designation*

Plaintiffs do not argue that the designation of Mr. Taplin is inadequate. (*See* Resp.) Rather, Plaintiffs argue that Defendants Sipf and Hyde may not identify a remote nonparty who has produced an injury to the plaintiffs in the sense that "but for" some action or inaction the injury would not have occurred but no legal duty to the plaintiff has been violated. (*Id.*, ¶ 1.) However, in the Southern District of Florida case, Plaintiffs allege American Financial Securities Holdings, Inc. ("AFSH") and Carol Sonnenberg entered into retainer agreements with Mr. Taplin and his law firm in reliance on Mr. Taplin's "representations and superior knowledge concerning his and his firm's expertise in insurance licensing and regulatory matters . ... ." (Reply, Ex. A, ¶ 24.)  Pursuant to a first retainer agreement, AFSLIC, owned by AFSH, paid Mr. Taplin's law firm "close to $160,000.00" (*id.*, ¶ 28) and more than $20,000.00 pursuant to a second retainer agreement (*id.*, ¶ 32).  The plaintiffs contended that, in connection with Mr.

4

Taplin's engagement to procure licenses for AFSLIC, he fraudulently induced them to invest in IASC when he knew or should have known that "Imerica was a failing company." (*Id.*, ¶¶ 45-51.) Plaintiffs alleged that "as a direct result of the fraud committed by Taplin, AFSH and Carol Sonnenberg have lost in excess of $5,000,000.00," referring to their investments in IASC. (*Id.*, ¶ 54.) Thus, this court finds that Plaintiffs, in the Southern District of Florida case, did allege that Mr. Taplin violated a duty to them.

Moreover, though Plaintiffs argue they have "abandoned" their case against Mr. Taplin in the Southern District of Florida, this argument fails because Plaintiff Michael Sonnenberg testified in his deposition in this case that the Florida suit is "on hold," that "it may or may not at some point ever be continued," and that it was in not in the best interest of the plaintiffs to have ongoing litigation with Mr. Taplin at this time. (*See* Reply, Ex. C.)

## CONCLUSION

Therefore, it is **ORDERED** that "Defendants Sipf's and Hyde's Motion for Leave to File Supplemental Designation of Nonparties at Fault" (Doc. No. 93) is **GRANTED**. Defendants Sipf and Hyde may file their Supplemental Designation of Nonparties at Fault no later than October 22, 2013.

Dated this 17th day of October, 2013.

BY THE COURT:

_____
Kathleen M Tafoya
United States Magistrate Judge

5