IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 12–cv–00441–RM–KMT

ERIC DAVID SIPF,

    Third Party Plaintiff,

v.

JOHN C. HERBERS,
THOMAS KELLER,
CRAIG MAGNUSON, and
MAGNUM ACTUARIAL GROUP LLC,

    Third Party Defendants.

## ORDER

This matter is before the court on "Third-Party Defendant John Herbers' Motion for Leave to File a Designation of Non-parties at Fault" (Doc. No. 265 [Mot.]), filed March 26, 2015. Third-Party Plaintiff filed his response on April 6, 2015 (Doc. No. 267 [Resp.]), and Third-Party Defendant Herbers filed his reply on April 6, 2015 (Doc. No. 268 [Reply]). This motion is ripe for ruling.

Third-Party Defendant Herbers seeks to designate as nonparties at fault Robert Ruiz-Moss, James Lubinski, Norman E. Taplin, and "any Defendant or Third-Party dismissed from this Lawsuit." (Mot. at 4-6.) The court notes that each of these parties, including potential defendants dismissed from this suit through settlement or otherwise, were designated as nonparties at fault by former Defendants Sipf, Hyde, James and/or FirstBank Holding Company.

(Doc. Nos. 32, 33, 34, 161.) Those former Defendants have since settled Plaintiffs' case against them and are no longer parties to this action. (Doc. Nos. 101, 163, 182, 251.)

One of the purposes behind requiring non-party designation, including imposing a time limit and specifying the terms of notice, is to provide a plaintiff with notice of the non-party's potential liability as well as the non-party's contact information, to ensure the plaintiff will be able to assess the nonparty's involvement and make case decisions accordingly. Designation of Mr. Ruiz-Ross, Mr. Lubinski, Taplin, and any defendant (or third-party) dismissed from this lawsuit by any defendant provided such notice. *See generally Baca v. Clark*, No. 06–cv–00714–EWN–PAC, 2007 WL 1964079, at *4 (D. Colo. July 2, 2007) (noting that a notice that complies with the spirit of Colo. Rev. Stat. § 13–21–111.5(3) is sufficient to minimize any prejudice that the designation may cause to plaintiff). "The designation [also] ensures that parties found liable will not be responsible for more than their fair share of the damages." *Pledge v. RM Holdings, Inc.*, 75 P.3d 1126, 1128 (Colo. App. 2002). This rationale applies regardless of which party made the designation.

This is simply not a case where Third Party Plaintiff Sipf was blind-sided late in the litigation about the alleged fault of a non-party to which the fact finder could attribute liability. The court finds that the opposition of Third Party Plaintiff Sipf has no merit. Further, Third-Party Plaintiff Sipf has not identified any prejudice he would suffer if the court recognized that the earlier designation applied as to all parties. Moreover, while it would be permissible to deny the motion if applying the designation to Third-Party Defendant Herbers would impose a burden

on the efficient progress of litigation, there has been no showing of such a burden here. *See Watters v. Pelican Int'', Inc.*, 706 F.Supp. 1452, 1457 (D. Colo. 1989).

Finally, the court finds support for its conclusion under a fair reading of Colo. Rev. Stat. § 13–21–111.5(3). While not specifically addressing this issue, section 13–21–111.5(3)(a) sets forth that "the finder of fact in a civil action may consider the degree or percentage of negligence or fault of a person not a party to the action, based upon evidence thereof, which shall be admissible, in determining the degree or percentage of negligence or fault of those persons who are parties to such action."  Nothing in this language or the remainder of the statute suggests that the court or a jury should consider the fault of a non-party only as to certain defendants.  The designations of Mr. Ruiz-Ross, Mr. Lubinski, Taplin, and any defendant (or third-party) dismissed from this lawsuit served to notify Third-Party Plaintiff Sipf of the non-parties' potential fault as to the entire case.

Therefore, it is

**ORDERED** that "Third-Party Defendant John Herbers' Motion for Leave to File a Designation of Non-parties at Fault" (Doc. No. 265 ) is **GRANTED**.  Third-Party Defendant Herbers may file his Designation of Non-Parties at Fault no later than April 17, 2015.

Dated this 14th day of April, 2015.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge